HARTFORD FIRE INSURANCE COMPANY, Appellant,

v.

WORKMEN'S COMPENSATION COMMISSION OF AMERICAN SAMOA,
AND VI TUATUA FOR HERSELF AND HER CHILDREN, Appellees.

High Court of American Samoa
Appellate Division

AP No. 15-79

January 13, 1981

Before MCNICHOLS*, Acting Associate Justice, presiding, NIELSEN**, Acting Associate Justice, SHRIVER***, Acting Associate Justice, TAGO, Associate Judge, and TAUANU'U, Associate Judge.

PER CURIAM.

This case concerns a claim for Workmen's Compensation benefits by the survivors of an employee of the American Samoan Government who died of a heart attack while at work during his normal working hours. The Workmen's Compensation Commission awarded benefits to his wife and children. Appellant appealed this decision to the Trial Divisin of this Court on the basis that an insufficient causal connection was shown between decendant's death and any work-related cause. In fact, no evidence was introduced about the cause of the heart attack by either side. The trial court affirmed the decision of the Comission, holding that the presumption codified in 24 ASC 452 operated to shift the burden of proof on the issue of causation to Appellant, and required Appellant to meet that burden by substantial evidence. As Appellant had made no showing that the heart attack was caused by other than work-related factors, the Chief Justice held that it must be presumed to have been caused by a work-related accident. We affirm.

The section in question here was taken verbatim from a provision of the Longshoremen's and Harbor Workers' Compensation Act (18 USC section 901 et.seq.), 18 USC section 920. Thus, any law on that section must be afforded great persuasive weight in interpreting the section at issue here. Of the cases cited by Chief Justice Miyamoto in his decision below, Wheatly v. Adler, 407 F.2d 307 (D.C. Cir en banc 1968) is particularly close to the facts in the case at bar. In Wheatley, another worker died of a heart attack of indeterminate cause. The circuit court held the presumption to be effective in that situation (see opinion below at p.5).

For the above reasons, and for the others stated by Chief Justice Miyamoto in his decisions, the judgment is AFFIRMED.

------------------------

*Honorable Ray McNichols, United States District Court Judge, District of Idaho, sitting by designation of the Secretary of the Department of the Interior.
**Honorable Leland C. Nielsen, United States District Court Judge, Southern District of California, sitting by designation of the Secretary of